IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DORIS MARIE GREEN, | ) | No. 36805-0-III |
| | ) | (consolidated with |
| Appellant, | ) | No. 36806-8-III) |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent. | ) | UNPUBLISHED OPINION |
| | ) | |
| MERIDITH EUGENE TOWN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, J. — In this consolidated appeal, Meredith Town and Doris

Green argue the trial court erred by summarily dismissing their claims under the

"Wrongly Convicted Persons Act" (WCPA), chapter 4.100 RCW. The trial court

dismissed their claims because their complaints failed to attach documentary evidence

required under RCW 4.100.040. We affirm on an alternate ground argued below and on

appeal: Because both Town and Green had previously received compensation from Chelan County for their wrongful convictions and imprisonments, RCW 4.100.080 bars them from obtaining compensation under the WCPA.

FACTS

In 1994, Meredith Town pleaded guilty in Chelan County to four counts of felony sex offenses against children. He was sentenced to 20 years of imprisonment. In 2000, the trial court vacated and dismissed Town's convictions based on violations of his state and federal constitutional rights and released him from custody.

In 1995, Doris Green was convicted in Chelan County of three counts of rape of a child in the first degree and one count of molestation of a child in the first degree. She was sentenced to 23.5 years of imprisonment. In 2000, the trial court vacated and dismissed Green's convictions based on violations of her state and federal constitutional rights and released her from custody.

Around 2001, Town and Green filed suit in federal district court against Chelan County, the City of Wenatchee, and numerous other defendants alleging civil rights violations under 42 U.S.C. § 1983. The claims were related to the wrongful convictions detailed above. The claimants settled with the defendants in the federal lawsuit—Town settled for $325,000, and Green settled for $162,500.

In 2013, the Washington Legislature passed the WCPA, with an effective date of July 28, 2013. The WCPA allows persons wrongly convicted before its enactment to commence an action under the statute within three years after its effective date. RCW 4.100.090.

Town filed his WCPA action on July 25, 2016, three days before the filing deadline. Green filed her WCPA action on July 27, 2016, one day before the filing deadline. Neither claimant attached documents to their complaint. Neither claimant served the State within 90 days of filing their complaint. Rather, each served their complaints on May 1, 2017.

In October 2017, The State moved to dismiss both complaints, presumably under CR 56. The motions relied on three separate arguments: (1) the WCPA bars double recovery and each claimant had already been compensated for their wrongful convictions and imprisonment, (2) each complaint lacked the documentary evidence required by RCW 4.100.040(1), and (3) each complaint was time-barred. The State did not note its motion for hearing and so it languished for some time.

In February 2018, the claimants responded with the following arguments: (1) the WCPA applies prospectively so it does not bar recovery where a claimant had, before its enactment, received compensation for a wrongful conviction, (2) the complaint, verified

by the claimant, is itself documentary evidence that complies with RCW 4.100.040(1), and (3) responsive declarations raised a question of fact whether Town was disabled beginning in December 2008 and whether Green was disabled beginning in June 2013—thus tolling the period to commence their actions.

The State ultimately noted its dismissal motion for hearing for March 13, 2019. During argument, the claimants asked the court to take judicial notice of documents contained in their Chelan County criminal cases but failing that, they requested a 90-day continuance to supplement the record with those documents.

The trial court took the matter under advisement and later issued a written ruling. In its ruling, the court granted the State's motion to dismiss and determined it needed to address only one of the State's three bases for dismissal. The court determined that the complaints must be dismissed because they failed to attach documentary evidence as required by RCW 4.100.040(1). In its formal dismissal orders, the court additionally concluded the defective complaints were not actionable, and the time to file an actionable complaint had expired on July 28, 2016.

The claimants appealed.

ANALYSIS

The claimants argue the trial court erred by dismissing their complaints because they sufficiently complied with RCW 4.100.040(1) or, alternatively, the court erred by not allowing them to amend their complaints. The trouble with their alternative argument is neither claimant requested an opportunity to amend their complaint.

The State responds that the trial court correctly interpreted RCW 4.100.040(1) and, alternatively, this court can affirm on either of the two additional bases raised below. In their reply briefs, the claimants respond to the State's alternative arguments.

We can affirm a trial court's summary judgment ruling on any basis properly presented and developed below and briefed by the parties on appeal. *Braaten v. Saberhagen Holdings*, 137 Wn. App. 32, 40, 151 P.3d 1010 (2007), *overruled on other grounds by* 165 Wn.2d 373, 198 P.3d 493 (2008); RAP 12.1. The clearest basis for affirming is discussed in *Larson v. State*, 9 Wn. App. 2d 730, 743, 447 P.3d 168 (2019), *review denied*, 194 Wn.2d 1019, 455 P.3d 125 (2020), and is premised on RCW 4.100.080(1). That subsection prevents a person who has been compensated for a claim of wrongful conviction and imprisonment from later receiving compensation under the WCPA.

*Larson v. State*

In 2014, Larson and two other men filed an action against the State under the WCPA. *Id.* at 732-34. At the conclusion of the 2015 bench trial, the court determined that the plaintiffs had not met their burden of proof and entered judgment in favor of the State. *Id.* at 734. The plaintiffs appealed. *Id.*

While the appeal was pending, the plaintiffs filed an action in federal district court against Spokane County and two of its law enforcement officers. *Id.* In that action, the plaintiffs sought compensation under 42 U.S.C. § 1983 for their wrongful convictions and imprisonments. *Id.*

In 2016, we reversed and remanded with directions for the trial court to reconsider the required element of actual innocence. *Id.* In 2017, the trial court concluded that the plaintiffs were entitled to recover and determined the recoverable amounts. *Id.* at 734-35. A few months later, the plaintiffs asked the court to enter judgment. *Id.* at 735. The State opposed the motion, having recently learned that the claimants had settled their federal claims for $2.5 million. *Id.* The trial court entered judgment but noted that the State could move to vacate the judgment if it provided evidence the plaintiffs had received compensation for their federal claims. *Id.* at 735-36.

The plaintiffs later received compensation for their federal claims and the State

filed a motion to vacate the state court judgment. *Id.* at 736. The trial court granted the

State's motion, vacated the judgment, and the plaintiffs appealed. *Id.*

In affirming, we quoted RCW 4.100.080(1). The most pertinent part of the

subsection reads:

> It is the intent of the legislature that the remedies and compensation
> provided under this chapter shall be exclusive to all other remedies at law
> and in equity against the state or any political subdivision of the state. As a
> requirement to making a request for relief under this chapter, the claimant
> waives any and all other remedies, causes of action, and other forms of
> relief or compensation against the state, and political subdivision of the
> state, and their officers, employees, agents, and volunteers related to the
> claimant's wrongful conviction and imprisonment. . . . *The claimant must
> execute a legal release prior to the payment of any compensation under this
> chapter. . . .*

RCW 4.100.080(1) (emphasis added).

After analyzing the various provisions of the section, we concluded: "Fairly read,

the WCPA conditions compensation on a wrongly convicted person's ability to provide

an effective waiver and legal release of claims. The plaintiffs were unable to satisfy the

statutory conditions." *Larson*, 9 Wn. App. 2d at 743. We concluded the trial court acted

properly in vacating the plaintiffs' judgments. *Id.* at 745.

Here, both claimants received compensation from Chelan County and the city of

Wenatchee in their federal district court action. As in *Larson*, their receipt of such

7

compensation prevents them from providing an effective waiver and legal release of their claims, a condition precedent for receiving compensation under the WCPA. Under this basis, we affirm the trial court's summary dismissal.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Siddoway, J.